IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REBEKAH K. LEE, on her own behalf and as the parent guardian of minor A.K.L., <br><br> Plaintiff, <br><br> v. <br><br> RICK DALE, STACY GRIGSBY, and JULIE L. GAIME, <br><br> Defendants. | § § § § § § § § § § § § | Civil Action No. 3:19-CV-1595-K |

## MEMORANDUM OPINION AND ORDER

Before the Court is Realigned Plaintiff Rebekah K. Lee's Motion for Default Judgment (Doc. No. 23). Because default judgment is appropriate in this case and Realigned Plaintiff Rebekah K. Lee is entitled to the interplead funds, the Court **GRANTS** the motion.

I. **Factual and Procedural Background**

Union Security Insurance Company ("Union Security") originally filed this interpleader action against Rick Dale, Stacy Grigsby, Julie L. Gaime, and Rebekah K. Lee, on her own behalf and as the parent guardian of minor A.K.L. Union Security had issued a life insurance policy ("Policy") to Insured Melanie McDevitt ("Insured") who designated Rebekah K. Lee and minor A.K.L. as the named beneficiaries. The

Policy provided a total of $95,000 in life insurance coverage ("Policy Proceeds"). Upon Insured's death, the enforceability of her beneficiary designation was challenged by Defendants Dale, Grigsby, and Gaime. With competing and conflicting claims possibly creating multiple liability, Union Security filed this interpleader action. Rebekah K. Lee, on her own behalf and as the parent guardian of minor A.K.L., filed an answer and made an appearance. Defendants Dale, Grigsby, and Gaime did not timely appear and answer; therefore, the Clerk of the Court entered default against each of Defendants Dale, Grigsby, and Gaime. *See* Doc. No. 18, Clerk's Entry of Default.

Union Security and Rebekah K. Lee filed an Agreed Motion to Deposit Interpled Funds into the Registry of the Court and for Discharge from Suit (Doc. No. 20). The Court granted the motion in part and ordered: (1) Union Security to deposit the full amount of $95,000 in Policy Proceeds with the Court; (2) Union Security's full release and discharge from any liability to Defendants; (3) Union Security dismissed with prejudice; (4) the realignment of the parties such that Rebekah K. Lee, on her own behalf and as the parent guardian of minor A.K.L.,—the only party who has appeared—is Plaintiff, and Rick Dale, Stacy Grigsby, and Julie L. Gaime are Defendants; and (5) Realigned Plaintiff Rebekah K. Lee to move for default judgment against Realigned Defendants. *See* Doc. No. 22.

Union Security timely deposited the entire Policy Proceeds ($95,000) with the Court on December 23, 2019. Realigned Plaintiff Rebekah K. Lee timely filed the instant motion for default judgment against Defendants Rick Dale, Stacy Grigsby, and Julie L. Gaime that they take nothing from the interplead Policy Proceeds.

**II.     Legal Standard and Applicable Law**

"When only one of the claimants named in an interpleader action has answered, the court need not consider the merits of which party is entitled to the funds." *Benjamin Moore & Co. v. Menendez*, 3:18-CV-2288-B, 2019 WL 3413420, at *1 (N.D. Tex. July 29, 2019)(Boyle, J.) (internal citations omitted). Therefore, if default judgment against Defendants Dale, Grigsby, and Gaime is merited, then Realigned Plaintiff Lee is entitled to disbursement of the interplead Policy Proceeds. *See id.*

Once the clerk of the court entered default against Defendants Dale, Grigsby, and Gaime, the Court may enter default judgment against defaulting Defendants upon motion of Realigned Plaintiff Lee. FED. R. CIV. P. 55(b). In deciding whether to grant a default judgment, the Court may consider whether: (1) material issues of fact exist; (2) there has been substantial prejudice; (3) the grounds for default are clearly established; (4) the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) the court would think itself obliged to

set aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

### III. Analysis

Applying all the *Lindsey* factors here, the Court finds that default judgment against Defendants Dale, Grigsby, and Gaime is proper. There are no material facts in dispute as Defendants Dale, Grigsby, and Gaime have not filed any responsive pleading to date. Furthermore, their failure to respond effectively prejudices Realigned Plaintiff Lee as the legal process is at a standstill. The grounds for default are clearly established by Defendants Dale, Grigsby, and Gaime's failure to respond and the clerk's entry of default against each of them. Moreover, nothing before the Court suggests that the failure of each of the three Defendants was the result of a good faith mistake or excusable neglect. Defendants Dale, Grigsby, and Gaime have forfeited any claim of entitlement to the interplead funds by their failure to answer, so the harshness of a default judgment is thereby mitigated. Finally, the Court has no facts before it that would provide a basis for setting aside a default if challenged by Defendants Dale, Grigsby, and/or Gaime. *See Benjamin Moore*, 2019 WL 4313420, at *2. Accordingly, the Court finds default judgment against Defendants Dale, Grigsby, and Gaime is proper, and, therefore, Realigned Plaintiff Lee is entitled to disbursement of the interplead funds.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Realigned Plaintiff Rebekah K. Lee's Motion for Default Judgment (Doc. No. 24). The Court will enter a separate Default Judgment against Defendants Rick Dale, Stacy Grigsby, and Julie L. Gaime that they take nothing from the Policy Proceeds at issue in this action. Moreover, Realigned Plaintiff Lee is **ordered** to file a motion for disbursement of the interplead funds **no later than March 11, 2020.**

**SO ORDERED.**

Signed February 24th, 2020.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE